# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-249V
Filed: February 28, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROSALIE PECK, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Damages decision based on proffer; flu vaccine; shoulder injury related to vaccine administration; subdeltoid bursitis; adhesive capsulitis

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ronald C. Homer, Boston, MA, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On April 8, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10–34 (2012), alleging that she suffered subdeltoid bursitis and adhesive capsulitis as a result of receiving influenza ("flu") vaccine on September 25, 2011. Pet., April 8, 2013, ECF No. 1. On July 17, 2013, respondent filed her Rule 4(c) Report, in which she conceded that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration ("SIRVA") and that petitioner's SIRVA was caused by the September 25, 2011, flu vaccination. Resp't's Vaccine Rule 4(c) Report, July 17, 2013, ECF No. 13.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 28, 2014, respondent filed Respondent's Proffer on Award of Compensation.  The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards petitioner:

a. a lump sum payment of **$223,622.34**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($8,791.81), pain and suffering ($211,401.83), and past unreimbursable expenses ($3,428.70). The award shall be in the form of a check payable to petitioner, Rosalie Peck; and

b. an amount sufficient to purchase the annuity contract(s) subject to the conditions described in section II.B. of the attached proffer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 28, 2014                                                                        /s/ Laura D. Millman
                                                                                                            Laura D. Millman
                                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ROSALIE PECK, ) | |
| ) | **ECF** |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-249V |
| ) | Special Master |
| SECRETARY OF HEALTH AND HUMAN ) | Laura D. Millman |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

   A.    Life Care Items

The respondent engaged life care planner Linda Curtis, RN, MSN, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Rosalie Peck's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report filed July 17, 2013. All items of compensation identified in the parties' joint life care plan, filed on January 22, 2014, are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Rosalie Peck, attached hereto as Tab A.[1] Respondent proffers that Rosalie Peck should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.    Lost Earnings

The parties agree that based upon the evidence of record, Rosalie Peck has not suffered a past loss of earnings and will not suffer a loss of earnings in the future. Therefore, respondent proffers that Rosalie Peck should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Rosalie Peck's lost earnings is $0.00. Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that Rosalie Peck should be awarded $211,401.83 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents Rosalie Peck's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,428.70. Petitioner agrees.

E.    Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens against her.

## II.   Form of the Award

The parties recommend that the compensation provided to Rosalie Peck should be made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:

A. A lump sum payment of $223,622.34, representing compensation for life care expenses expected to be incurred during the first year after judgment ($8,791.81), pain and

suffering ($211,401.83), and past unreimbursable expenses ($3,428.70), in the form of a check payable to petitioner, Rosalie Peck.

B. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the joint life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Rosalie Peck, only so long as Rosalie Peck is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Rosalie Peck, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Rosalie Peck's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Rosalie Peck:    **$223,622.34**

    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

                                        <u>s/Lisa A. Watts</u>
                                        LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4099

Dated: February 28, 2014.

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2014 | Compensation Year 2 2015 | Compensation Year 3 2016 | Compensation Year 4 2017 | Compensation Year 5 2018 | Compensation Year 6 2019 | Compensation Year 7 2020 | Compensation Year 8 2021 | Compensation Years 9-Life 2022-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | | | 1,762.80 | 1,762.80 | 1,762.80 | 1,762.80 | 1,762.80 | 1,762.80 | 1,762.80 | 1,762.80 |
| Deductible | 5% | | | | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 | 147.00 |
| Orthopedic | 5% | * | | 120.00 | 100.00 | 100.00 | 100.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Pain Specialist | 5% | * | | 90.00 | 50.00 | 50.00 | 50.00 | | | | | |
| MRI | 5% | * | | 456.00 | | | | | 608.00 | | | |
| X-ray of Shoulder | 5% | * | | 14.25 | | | 19.00 | | | | | |
| Tylenol | 4% | | | 31.17 | 31.17 | 31.17 | 31.17 | 31.17 | 31.17 | 31.17 | 31.17 | 31.17 |
| PT | 4% | * | M | 500.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| OT | 4% | * | | 40.00 | 81.00 | 27.00 | 27.00 | 27.00 | | | 200.00 | 66.67 |
| Massage Therapy | 4% | | | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | | | |
| Acupunture | 4% | * | | 126.00 | 126.00 | | | | | | | |
| Shower Bench | 4% | | | 154.00 | 22.00 | 22.00 | 22.00 | 22.00 | 22.00 | 22.00 | 22.00 | 22.00 |
| Hand Held Shower | 4% | | | 45.13 | 6.45 | 6.45 | 6.45 | 6.45 | 6.45 | 6.45 | 6.45 | 6.45 |
| Adj Toilet Seat | 4% | | | 114.98 | 16.43 | 16.43 | 16.43 | 16.43 | 16.43 | 16.43 | 16.43 | 16.43 |
| Bed Rail | 4% | | | 89.00 | 12.71 | 12.71 | 12.71 | 12.71 | 12.71 | 12.71 | 12.71 | 12.71 |
| Adaptive Equip | 4% | | | 100.00 | 33.33 | 33.33 | 33.33 | 33.33 | 33.33 | 33.33 | 33.33 | 33.33 |
| Moist Heat Wrap | 4% | | | 17.97 | 17.97 | 17.97 | 17.97 | 17.97 | 17.97 | 17.97 | 17.97 | 17.97 |
| Neck/Shoulder Heat Wrap | 4% | | | 34.99 | 17.50 | 17.50 | 17.50 | 17.50 | 17.50 | 17.50 | 17.50 | 17.50 |
| YMCA | 4% | | M | 760.00 | 528.00 | 528.00 | 528.00 | 528.00 | 528.00 | 528.00 | 528.00 | 528.00 |
| Home Health Aide | 4% | | M | 4,160.00 | 4,160.00 | 4,160.00 | 4,160.00 | 4,160.00 | 4,160.00 | 8,320.00 | 8,320.00 | 8,320.00 |
| Mileage: YMCA | 4% | | M | 280.80 | 280.80 | 280.80 | 280.80 | 280.80 | 280.80 | 280.80 | 280.80 | 280.80 |
| Mileage: PT | 4% | | | 28.08 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 |
| Mileage: OT | 4% | | | | 2.25 | 0.75 | 0.75 | 0.75 | | | | |
| Mileage: Massage | 4% | | | 3.80 | 3.80 | 3.80 | 3.80 | 3.80 | 3.80 | | | |
| Mileage: Orthopedist | 4% | | | 3.07 | 3.07 | 1.54 | 1.54 | 0.77 | 0.77 | 0.77 | 0.77 | 0.77 |
| Mileage: Acupuncture | 4% | | | 2.65 | 2.65 | | | | | | | |
| Grab Bars | 4% | | | 419.92 | | | | | | | | |
| Pain and Suffering | | | | 211,401.83 | | | | | | | | |
| Past Unreimbursable Exp. | | | | 3,428.70 | | | | | | | | |
| Annual Totals | | | | 223,622.34 | 8,707.63 | 8,521.95 | 8,540.95 | 8,421.18 | 9,001.43 | 11,349.63 | 11,549.63 | 11,416.30 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($8,791.81), pain and suffering ($211,401.83), and past unreimbursable, and past unreimbursable expenses ($3,428.70): $223,622.34.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
In respondent's discretion, items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.